IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MARK J. O'CONNOR and SARA F. LEIBMAN,<br><br>           Plaintiffs,<br><br>    v.<br><br>UNITED STATES CELLULAR CORPORATION, *et al.*,<br><br>           Defendants. | Case No. 20-CV-2071 (TSC) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully notify this Court of the recent decision in *United States ex rel. Vermont National Telephone Co. v. Northstar Wireless LLC*, Civil Action No. 15-0728 (CKK) (D.D.C. Mar. 23, 2021) (attached as Exhibit A). In that case, the relator, like the Relators here, alleged that certain "designated entities" ("DEs") and a larger telecommunication company violated the False Claims Act by falsely certifying that DEs were independent entities. The *Vermont National* Court granted the defendants' motion to dismiss, with prejudice, in part on materiality grounds, emphasizing that "[b]ecause the False Claims Act is not an all-purpose antifraud statute, the materiality standard is demanding, and includes a heightened standard for pleading materiality." Ex. A at 32 (internal quotation marks and citations omitted).

Specifically, the *Vermont National* Court held that the relator had failed to plausibly plead that the alleged non-disclosures at issue were material. In doing so, the Court emphasized:

> Vermont Telephone's secret-agreement theory of fraud must also confront the fact that [DEs] Northstar Wireless and SNR Wireless *did disclose and submit* to the

1

>FCC "a number of agreements regarding their relationship with DISH [Network] and each other." *In the Matter of Northstar Wireless, LLC*, 30 F.C.C. Rcd. 8887 at ¶ 21. For example, in their short-form applications both Northstar Wireless and SNR Wireless disclosed the existence of Bidding Protocol and Joint Bidding Agreements with DISH Network, "under which they w[ould] undertake to coordinate bidding for licenses in Auction 97 … to facilitate coordination of their systems." *See* Northstar Wireless, Form 175 (Ex. C), at 27; *see also* SNR Wireless, Form 175 (Ex. E), at 26. Northstar Wireless and SNR Wireless also disclosed that DISH Network holds "85 percent indirect equity interests in Northstar Wireless and SNR Wireless" and that it would "coordinate" with these companies "regarding bids, bidding strategy and post-auction market structure. . . ." SNR Wireless, Form 175 (Ex. E), at 26. Furthermore, Northstar Wireless and SNR Wireless disclosed that they had entered into "Management Services Agreements" with DISH Network, and then supplied those agreements directly to the FCC for review. *In the Matter of Northstar Wireless, LLC*, 30 F.C.C. Rcd. at ¶¶ 21, 24.

Ex. A at 35 (emphasis in original). The Court found those disclosures were sufficient to allow the FCC to evaluate the relationships DEs Northstar and SNR had with DISH, and ultimately to deny the DEs' long-form applications while finding no fraud or misrepresentation. *Id*. at 35-36.

In this case, as Defendants previously demonstrated in their motions to dismiss, the DEs made similarly extensive disclosures concerning the nature of their relationship with U.S. Cellular, including the types of agreements specifically relied upon by the Court in *Vermont National*. As in that case, those disclosures preclude a finding that Relators have met the demanding and heightened standard for pleading materiality. The *Vermont National* decision shows that the FCC polices these arrangements, reviews the disclosures, and makes its decision to award or deny bidding credits, and there was nothing alleged in that case—or in this one—to suggest that additional information would have made a difference to the FCC's determination.

Dated: April 14, 2021

Respectfully submitted,

/s/ *Frank R. Volpe*

Frank R. Volpe, DC Bar No. 458791
Robert J. Conlan Jr., DC Bar No. 450921
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202.736.8366
Fax: 202.736.8711
fvolpe@sidley.com
rconlan@sidley.com

*Attorneys for Defendants United States Cellular Corporation, USCC Wireless Investment, Inc., and Telephone and Data Systems, Inc.*

Andrew S. Tulumello, DC Bar No. 468351
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Fax: 202.530.9678
atulumello@gibsondunn.com

*Attorneys for Defendants King Street Wireless, L.P., King Street Wireless, Inc., and Allison Cryor DiNardo*